1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TYRONE NOEL NUNN,

                              Plaintiff,

        v.

ELY STATE PRISON, *et al.*,

                              Defendants.

Case No. 3:24-cv-00087-MMD-CSD

ORDER

## I.    SUMMARY

Plaintiff Tyrone Nunn brings this civil rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. (ECF No. 1-1). On September 19, 2024, this Court ordered Nunn to update his address by November 18, 2024. (ECF No. 5.) That deadline expired without an updated address filed by Nunn, and his mail from the Court is being returned as undeliverable. (ECF No. 6.)

## II.    DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's

1    interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

2    (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

3    cases on their merits; and (5) the availability of less drastic alternatives. *See In re*

4    *Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting

5    *Malone*, 833 F.2d at 130).

6        The first two factors, the public's interest in expeditiously resolving this litigation

7    and the Court's interest in managing its docket, weigh in favor of dismissal of Nunn's

8    claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal

9    because a presumption of injury arises from the occurrence of unreasonable delay in filing

10   a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

11   F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of

12   cases on their merits—is greatly outweighed by the factors favoring dismissal.

13       The fifth factor requires the Court to consider whether less drastic alternatives can

14   be used to correct the party's failure that brought about the Court's need to consider

15   dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

16   that considering less drastic alternatives *before* the party has disobeyed a court order

17   does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

18   Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally

19   dismissing a case, but must explore possible and meaningful alternatives." *Henderson v.*

20   *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically

21   proceed without Nunn's compliance with the Court's orders or the ability for the Court and

22   the defendants to send him case-related documents, filings, and orders, the only

23   alternative is to enter a second order setting another deadline. But without an updated

24   address, the likelihood that the second order would even reach Nunn is low, so issuing a

25   second order will only delay the inevitable and further squander the Court's finite

26   resources. Moreover, Nunn has filed over 80 pro se lawsuits in this district since July

27

28

2023.[1] Dozens of these lawsuits have been dismissed because Nunn failed to correct fundamental defects with them like keeping the Court apprised of his current address; filing a single, signed complaint; and either paying the filing fee or filing a complete application to proceed *in forma pauperis*. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal. In sum, having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

## III.    CONCLUSION

It is therefore ordered that this action is dismissed without prejudice based on Tyrone Nunn's failure to file an updated address in compliance with this Court's September 19, 2024, order.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Nunn wishes to pursue his claims, he must file a complaint in a new case, provide the Court with his current address, and either pay the filing fee or file a complete application to proceed *in forma pauperis*.

DATED THIS 6th Day of December 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

[1]The Court takes judicial notice of the online docket records of the U.S. Courts, which may be accessed by the public at: https://pacer.uscourts.gov.

3